UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

In Re:

Randal James Urbanec and  
Margaret Ann Urbanec,

Bankruptcy No. 14-81751  
Chapter 7

Debtors.

**ORDER DISMISSING CASE**

This matter comes before the Court on a Motion to Extend Time for Credit Counseling filed by Debtors. For the reasons stated below, Debtors' motion is denied and their case is dismissed.

Debtors Randal James Urbanec and Margaret Ann Urbanec petitioned for relief under Chapter 7 of the Bankruptcy Code on September 17, 2014. On page 2 of their petition, Debtors failed to complete the section under the heading "Exhibit D." Debtors also failed to attach to their petition Exhibit D - Individual Debtor's Statement of Compliance with Credit Counseling Requirement, certifying that, within 180 days before filing their petition, they received a briefing from a credit counseling agency approved by the United States Trustee that outlined the opportunities for available credit counseling and assisted them in performing a related budget analysis. Instead, on October 1, 2014, Debtors filed a Motion to Extend Time for Credit Counseling. On October 7, 2014, Debtors filed a Certificate of Counseling, in which a consumer credit counselor certified that Debtors received a credit counseling briefing on October 7, 2014, that complied with the provisions of 11 U.S.C.

§ 109(h) and 111.[1]

Under section 109(h)(1), an individual may not be a debtor under Title 11 unless, during the 180-day period ending on the date of the filing of his or her bankruptcy petition, the individual received a briefing that outlined the opportunities for available credit counseling and assisted the individual in performing a budget analysis. 11 U.S.C. § 109(h)(1). "The event that triggers the 180-day period is the filing of a petition for relief, not the completion of the credit counseling, and the Court must count backward from the petition date, not forward from the date credit counseling is received." In re Meng, 2010 WL 1329397, at *1 (Bankr. D.S.D. Mar. 30, 2010).

Applying the rules for computing time in Rule 9006 of the Federal Rules of Bankruptcy Procedure with the requirement that the 180-day period end on the date the petition was filed, Debtor was required to complete the credit counseling course on or after March 21, 2014, and before 4:38 p.m. on September 17, 2014. According to the Certificate of Credit Counseling, the briefing took place on October 7, 2014. It did not occur during the 180-day period ending on the date of the filing of the bankruptcy petition.

In Hedquist v. Fokkena (In re Hedquist), 342 B.R. 295, 297, 300 (B.A.P. 8th Cir. 2006), the Bankruptcy Appellate Panel noted that the requirements of section 109(h) are plain and mandatory. With certain limited exceptions, failure to complete the credit counseling briefing within the 180-day period ending on the date the petition is filed is a "fatal flaw" rendering debtors ineligible for bankruptcy relief. Id. at 297-98; Duncan v.

---

[1] Section 521(b)(1) of the Bankruptcy Code requires that a debtor file "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor."

LaBarge, Jr. (In re Duncan), 418 B.R. 278, 281 (B.A.P. 8th Cir. 2009).

There are three limited exceptions to the credit counseling requirement. See 11 U.S.C. §§ 109(h)(2), 109 (h)(3)(A), 109(h)(4).[2] Debtors filed a Motion to Extend Time for Credit Counseling, but Debtors failed to offer any reason for failing to obtain credit counseling within the statutorily mandated 180-day period that would justify a waiver of the credit counseling requirement under the Bankruptcy Code.

The only remaining question for the Court is the remedy. As the Hedquist court opined, "bankruptcy courts have no discretion but to dismiss the case when the debtor fails to file a certification in compliance with its provisions." In re Hedquist, 342 B.R. at 300; see also Dixon v. LaBarge (In re Dixon), 338 B.R. 383, 389 (B.A.P. 8th Cir. 2006) (noting that once a bankruptcy court determines that an individual is not eligible to be a "debtor" under section 109(h), dismissal of the bankruptcy case is appropriate); In re Giles, 361 B.R. 212, 215 (Bankr. D. Utah 2007) (dismissing a bankruptcy case in which debtors obtained credit

---

[2] The first exception applies when there are no approved credit counseling agencies reasonably able to provide adequate services to the debtors. See 11 U.S.C. § 109(h)(2). This exception does not apply in this case. Likewise, section 109(h)(4) does not provide an exception to the credit counseling certification requirement in this case because there is no evidence that Debtors were unable to complete the credit counseling briefing during the 180-day period due to incapacity, disability or active military duty. A third exception to the credit counseling services certification requirement is found in section 109(h)(3), which provides that a debtor will be excused from credit counseling for 30 days from the date of filing if the debtor submits a certification that: (1) describes exigent circumstances that merit a waiver of the requirements of section 109(h)(1); (2) states that the debtor requested the required counseling but was unable to obtain the counseling required during the seven-day period which begins on the date of debtor's request; and (3) is satisfactory to the court. 11 U.S.C. § 109(h)(3)(A). In this case, Debtors do not describe any exigent circumstances or otherwise explain why they did not seek credit counseling within the 180-day period ending on the date of filing of her bankruptcy petition. Further, Debtors failed to attach an Exhibit D to their petition certifying they sought credit counseling but were unable to obtain it. Therefore, the third exception does not apply.

counseling 182 days before filing for bankruptcy because debtors did not comply with the technical requirements of section 109(h)); In re Ruckdaschel, 364 B.R. 724, 734 (Bankr. D. Idaho 2007) (dismissing a bankruptcy case because Debtors received credit counseling 187 days prior to filing their petition and were, therefore, not eligible for bankruptcy relief). The Court recognizes that dismissal is a harsh remedy, but this Court has no authority to waive or overlook noncompliance with clear and unambiguous Bankruptcy Code provisions that set forth the eligibility requirements for being a bankruptcy debtor. In re Giles, 361 B.R. at 214-15; In re Ruckdaschel, 364 B.R. at 733.

Therefore, Debtors' Motion to Extend Time for Credit Counseling is **DENIED. IT IS ALSO ORDERED** that this case is **DISMISSED** without prejudice to Debtors' rights under the Bankruptcy Code to file another petition for relief. If Debtors file a new bankruptcy petition within 30 days of this Order, the Court will consider waiving the filing fee in the new case.

Dated this 24th day of October, 2014.

/s/ Shon Hastings
Shon Hastings, Judge
United States Bankruptcy Court